**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN D'ALFONSO, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| EUGENE D. CARPINO III; GABRIEL | : | |
| SANTOSUSSO; UNKNOWN GOVERNMENT | : | |
| HANDLER FOR EUGENE CARPINO; | : | |
| UNKNOWN GOVERNMENT HANDLER | : | |
| FOR GABRIEL SANTUSSO; CARMEN | : | |
| DECLERICO; ELIZABETH AINSLIE, | : | |
| Defendants. | : | NO. 07-4816 |

**MEMORANDUM AND ORDER RE:  MOTIONS TO DISMISS**

Baylson, J.                                                      July 29, 2008

**I.      Introduction**

In this civil rights action, pro se Plaintiff Brian D'Alfonso alleges that Defendants Eugene

Carpino and Carmen DeClerico violated his Constitutional rights when they, acting on behalf of

the government, removed his belongings without a warrant.  Mr. Carpino and Mr. DeClerico

have each filed a Motion to Dismiss.  For the reasons discussed below, both Motions will be

granted.

**II.     Background**

**A.      Procedural History**

Mr. D'Alfonso filed his original Complaint in the Eastern District of Virginia on

September 5, 2007.  The matter was transferred to this District on October 29, 2007, and Mr.

D'Alfonso filed an Amended Complaint on January 2, 2008.[1]

The Complaint lists four named defendants:  Mr. Carpino, Mr. DeClerico, Mr. Gabriel Santusso, and Ms. Elizabeth Ainslie.  Only Mr. Carpino and Mr. DeClerico have moved to dismiss the action.  On May 9, 2008, Plaintiff moved for a default judgment against Mr. Santusso, and this Court entered the default, but denied the request for default judgment.  It does not appear that Ms. Ainslie has been properly served.

Mr. DeClerico moved to dismiss the claims against him on February 13, 2008, see Doc. No. 14, and Mr. Carpino moved to dismiss the claims against him on March 27, 2008, see Doc. No. 22.  Mr. D'Alfonso responded to both motions, see Doc. Nos. 19, 24.

**B.     Summary of the Complaint**

Mr. D'Alfonso alleges that in 2000 he hired Mr. Carpino and Mr. Santusso to work in his jewelry store.  The Complaint states that shortly thereafter, Mr. DeClerico, a securities investigator for the Pennsylvania Securities Commission, attempted to serve Plaintiff with papers.  Mr. D'Alfonso asserts that he avoided service because he thought the papers were related to a frivolous lawsuit.

According to the Complaint, Mr. Carpino, Mr. DeClerico, and Mr. Santusso were involved in a civil conspiracy to remove information from his office without a valid warrant. The Complaint also alleges that Mr. Carpino and Mr. Santusso installed audio recording devices in the store without a warrant.

---

[1]  Mr. D'Alfonso had filed an earlier Motion to Amend the Complaint, on December 24, 2007, but that Motion was denied as moot when the Court granted the later Motion to Amend. See Doc. No. 8.  The operative Complaint is Doc. No. 7, which is the Amended Complaint filed on January 2, 2008.

Mr. D'Alfonso asserts that Mr. Carpino, Mr. DeClerico, and Mr. Santusso all stole jewelry from his store, and that when Mr. D'Alfonso reported the theft to the police, the police took no action.  Mr. D'Alfonso further asserts that Mr. Carpino, Mr. DeClerico, and Mr. Santusso conspired to removed evidence that would have helped Mr. D'Alfonso in his criminal defense.[2]

According to Mr. D'Alfonso, Mr. Carpino and Mr. Santusso were "paid federal informants."  Mr. D'Alfonso also claims that they committed crimes that they denied under oath before the Grand Jury.  Mr. D'Alfonso argues that Mr. Carpino and Mr. DeClerico acted under both state and federal law.

Mr. D'Alfonso also asserts claims against his former attorney, Ms. Elizabeth Ainslie, and contends that she acted on behalf of the government instead of on behalf of her client, Mr. D'Alfonso.  Mr. D'Alfonso further asserts that Ms. Ainslie unjustly protected Mr. Carpino and Mr. Santusso.

## III.   Parties' Contentions

### A.      Defendant DeClerico

Mr. DeClerico argues that Plaintiff's action should be dismissed for several reasons. First, the two-year applicable statute of limitations for actions pursuant to Section 1983 of Title 42 of the United States Code (hereinafter "Section 1983) bars recovery.  Second, the Supreme Court case of Heck v. Humphrey, 512 U.S. 477 (1994) bars Plaintiff's Fourth and Fifth Amendment Claims.  Third, Mr. D'Alfonso's Complaint fails to state an equal protection claim. Finally, because of the Eleventh Amendment the Court lacks subject matter jurisdiction over a

---

[2] Mr. D'Alfonso pled guilty to 16 counts of mail fraud.

suit for damages against Mr. DeClerico.

**B.   Defendant Carpino**

Mr. Carpino advances similar arguments to those of Mr. DeClerico.  Mr Carpino

contends that the claims against him should be dismissed under <u>Heck v. Humphrey</u>, 512 U.S. 477

(1994).  Mr. Carpino also argues that Section 1983's statute of limitations bars recovery.

**C.   Plaintiff  D'Alfonso**

Mr. D'Alfonso responded to both Motions to Dismiss.  According to Mr. D'Alfonso, the

statute of limitations has been tolled under the doctrine of fraudulent concealment.  Mr.

D'Alfonso contends that Defendants DeClerico and Ainslie prevented him from discovering the

facts that gave rise to this action.  As to <u>Heck v. Humphrey</u>, Mr. D'Alfonso argues that the case

does not apply to the materials removed from his store, for example bank records and phone

bills, because they are "of an inevitable discovery".  Mr. D'Alfonso also argues that his equal

protection claim should survive because Defendant DeClerico treated him differently than other

victims of crime, and that there was no rational basis to do so.  Mr. D'Alfonso claims that he is

entitled to discovery and that Mr. Carpino's Motion to Dismiss is time-barred.

**IV.   Legal Standard**

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

the Court may look only to the facts alleged in the complaint and its attachments.  <u>Jordan v. Fox,</u>

<u>Rothschild, O'Brien & Frankel</u>, 20 F.3d 1251, 1261 (3d Cir. 1994).

Mr. DeClerico moves to dismiss for lack of subject matter jurisdiction, pursuant to Rule

12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6).  Mr. Carpino moves to

dismiss only pursuant to Rule 12(b)(6).  The 12(b)(1) and 12(b)(6) standards differ.  On a motion

to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists.  <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991).  In determining whether the plaintiff has met its burden on a factual attack of subject matter jurisdiction, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  <u>Mortensen v. First Federal Savings and Loan Association</u>, 549 F.2d 884, 891 (3d Cir. 1977).  Moreover, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  <u>Id.</u>

However, when deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  <u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985).  A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to state a valid complaint a plaintiff must make a "showing" that is more than just a blanket assertion that he is entitled to relief.  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008).  "We caution that without some factual allegation in a complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also 'grounds' on which the claim rests."  <u>Id.</u> (citing <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 n. 3 (2007).

**V.    Discussion**

Plaintiff asserts claims against Mr. DeClerico[3] and Mr. Carpino pursuant both to Section

---

[3] According to Plaintiff, Mr. DeClerico acted both as a state and as a federal agent.  As noted above, Mr. DeClerico is in fact a securities investigator for the Pennsylvania Securities Commission, and would normally be viewed as a state agent.  Nevertheless, viewing the

1983 and to <u>Bivens v. Six Unknown Federal Agents</u>, 403 U.S. 388 (1971), alleging that Mr.

DeClerico and Mr. Carpino acted on behalf of both the state and federal governments. Drawing

all reasonable inferences in favor of Plaintiff, his claims are barred by the applicable statutes of

limitations.

### A.       Section 1983

Section 1983 provides a cause of action against any "person who, under color of any

statute, ordinance, regulations, custom, or usage, of any State or Territory or the District of

Columbia, subjects, or causes to be subjected" any person to the deprivation of any right

protected by federal law or the United States Constitution. 42 U.S.C. § 1983.

The statute of limitations for a Section 1983 claim is based on the statute of limitations

for personal injury actions in the jurisdiction where the cause of action took place. <u>See Wilson v.

Garcia</u>, 471 U.S. 261, 276 (1985). Mr. D'Alfonso alleges actions occurring in Pennsylvania, and

the two-year statute of limitations for tort claims in Pennsylvania therefore applies. <u>See Bougher

v. University of Pittsburgh</u>, 882 F.2d 74, 78 (3d Cir. 1989).

A cause of action pursuant to § 1983 accrues "when the plaintiff knew or should have

known of the injury upon which the action is based." <u>Sameric Corp. of Del., Inc. v. City of

Philadelphia</u>, 142 F.3d 582, 599 (3d Cir.1998). In the instant case, Plaintiff knew of the activity

he attributes to Mr. DeClerico and Mr. Carpino by the time he pled guilty, on May 4, 2004.[4]

---

Complaint in the light most favorable to the Plaintiff, the Court will address Plaintiff's 1983
claims as well as his <u>Bivens</u> claims.

[4] Although Mr. D'Alfonso contends that Defendants DeClerico and Ainslie prevented
him from discovering the facts that gave rise to this action, he does not discuss how or when they
did so. The specific allegations that he attributes to Mr. DeClerico, such as deprivation of
property without a warrant, all took place before the indictment. Mr. D'Alfonso does not allege

Thus, at the latest, the statute of limitations began to run on May 4, 2004 and expired on May 4, 2006.  Plaintiff commenced his action on September 5, 2007, more than a year after the statute of limitations had expired, and his claims are therefore time-barred.

      **B.**      <u>**Bivens** **claims**</u>

      A <u>Bivens</u> action, which is the federal equivalent of the Section 1983 cause of action, will lie where a defendant has violated a plaintiff's rights under the color of federal law.  <u>Brown v. Philip Morris</u>, 250 F.3d 789, 800 (3d Cir. 2001).  In <u>Bivens</u>, the U.S. Supreme Court did not set a time limit within which plaintiffs were required to bring their claims.  Generally, when there is no applicable federal statute of limitations, courts look to the most appropriate state statute for guidance.  In Pennsylvania, Section 1983's two-year statute of limitations applies to Mr. D'Alfonso's <u>Bivens</u> claims.  <u>See</u> <u>Mishra v. Nolan</u>, 187 Fed. Appx. 136 (3d Cir. 2006) (not precedential) (explaining that Bivens actions are tort claims subject to Pennsylvania's two-year statute of limitations); <u>Napier v. Thirty or More Unidentified Federal Agents, Employees, or Officers</u>, 885 F.2d 1080, 1088, n. 3 (3d Cir. 1988) (finding that the statute of limitations for a <u>Bivens</u> action is the same statute of limitations applied to a Section 1983 action).  For the same reasons that Mr. D'Alfonso's Section 1983 claims are time-barred, his <u>Bivens</u> claims are also time-barred.

**VII.**   **Conclusion**

      For the reasons discussed above, Mr. Carpino and Mr. DeClerico's Motions to Dismiss

---

that Mr. DeClerico violated his rights or prevented him from obtaining information after the indictment.  The specific allegations he attributes to Ms. Ainslie, such as withholding evidence, took place before Mr. D'Alfonso pled guilty.  Mr. D'Alfonso does not allege that Ms. Ainslie violated his rights or prevented him from obtaining information after he pled guilty.

will both be granted.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN D'ALFONSO, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| EUGENE D. CARPINO III; GABRIEL | : | |
| SANTOSUSSO; UNKNOWN GOVERNMENT | : | |
| HANDLER FOR EUGENE CARPINO; | : | |
| UNKNOWN GOVERNMENT HANDLER | : | |
| FOR GABRIEL SANTUSSO; CARMEN | : | |
| DECLERICO; ELIZABETH AINSLIE, | : | |
| Defendants. | : | NO. 07-4816 |

**ORDER**

And NOW, this 29th day of July, 2008, it is hereby ORDERED that Defendant DeClerico's Motion to Dismiss (Doc. No. 14) and Defendant Carpino's Motion to Dismiss (Doc. No. 22) are both GRANTED.

Given that more than 120 days have passed since Plaintiff amended the Complaint to add Elizabeth Ainslie as a Defendant, and since there is no indication that Defendant Ainslie received service of process, this Order constitutes notice to Plaintiff that if he does not show cause for the lack of service within thirty (30) days, the Court is inclined to dismiss his claims against Defendant Ainslie for failure to prosecute.

The Clerk shall place the above-captioned matter in suspense pending the response from Plaintiff and because of the default judgment entered against Defendant Santusso.

Accordingly, it is FURTHER ORDERED as follows:

1.      The case shall be transferred to the Civil Suspense File;

2.      The Clerk of the Court shall mark this case closed for statistical purposes;

-9-

3.      The Court shall retain jurisdiction over the case and the case shall be returned to

        the Court's active docket in 90 days or upon further order of the Court; and

4.      The entry of this Order shall not prejudice the rights of the parties to this

        litigation.

                                        BY THE COURT:

                                        s/Michael M. Baylson

                                        _____

                                        Michael M. Baylson, U.S.D.J.

O:\Kathy\07-4816 D'Alfonso v. Carpino\Memo re MTDs.wpd

-10-