IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN D'ALFONSO | : | CIVIL ACTION |
| v. | : | |
| EUGENE D. CARPINO III, et al. | : | NO. 07-4816 |

## MEMORANDUM

Baylson, J.                                                            August 10, 2009

       By Order dated July 29, 2008 (Doc. No. 34), the Court granted a Motion to Dismiss filed by Defendants Eugene Carpino and Carmen DeClerico and placed this case in suspense. The Court directed Plaintiff to advise about service on Defendant Elizabeth Ainslie, Esquire.

       Plaintiff also requested that counsel be appointed. Accordingly, the Court directed that Plaintiff's Complaint be circulated to the Court's Volunteer Prisoner Civil Rights Panel. By Order dated June 17, 2009 (Doc. No. 37), the Court noted that three members of that Panel had refused to accept the case, and Plaintiff would have to proceed pro se.

       Plaintiff was directed to file a case status report with the Court within thirty days advising how he wished to proceed against the remaining Defendants.

       On June 30, 2009, the Plaintiff sent to the Court a document entitled "Ex Parte Case Status Report Provided by the Plaintiff in the Above Listed Civil Action" (Doc. No. 38). This lengthy document with attachments does not answer the questions posed by the Court, but rather asserts irrelevant matters and reargues orders previously entered.

       Upon further review of the file, the Court will dismiss this case for insufficient pleading under the recent Supreme Court case of Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), for frivolous

claims, because all of Plaintiff's claims against any remaining Defendants are untimely for the same reasons set forth in the Memorandum of July 29, 2008 as to Defendants Carpino and DeClerico, and because Plaintiff has failed to respond in good faith to the Court's prior Orders. Furthermore, it appears that the claims against Defendant Ainslie relate to her services as Plaintiff's counsel, and there is no showing that she was acting under color of state or federal law, and therefore, because Plaintiff's claim is brought pursuant to § 1983 and <u>Bivens v. Six Unknown Federal Agents</u>, 403 U.S. 388 (1971), there is no viable federal civil rights claim against Ainslie.

The Court notes that Plaintiff has not sought any relief following the default judgment previously entered as to Defendant Gabriel Santosusso. Plaintiff has not made any showing of the identity of the alleged "unknown government handlers" for Defendants Carpino and Santosusso.

An appropriate Order follows.